IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSIE MAE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08cv914-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Plaintiff Susie Mae Jones applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income under Title XVI of the Act, § 1381 *et seq.* Her applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a decision in which he found Plaintiff disabled as of March 1, 2007, but not disabled from the alleged onset date of July 5, 2005, through February of 2007. Tr. 23. After accepting additional evidence from Plaintiff, the Appeals Council ultimately rejected her request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

---

[1]   Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social

1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]

---

Security.

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions,

including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-three years old at the time of the hearing before the ALJ. Tr. 268. Plaintiff has a twelfth grade education. Tr. 268. Plaintiff's past relevant work experience included work as a sewing machine operator and "building supply finisher sander." Tr. 29, 279. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 5, 2005 (Step 1). Tr. 25. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "obesity; status post left breast mastectomy (carcinoma) and reconstruction, status post chemotherapy, and right breast reduction; and lumbar radiculitis." Tr. 25. The ALJ then found that "[s]ince the alleged onset date of disability, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) Tr. 25. Next, the ALJ found that, prior to March 1, 2007, Plaintiff retained the RFC to "perform light work with a sit/stand option" but would have been restricted from "activities involving unprotected heights, climbing ladders/ropes/scaffolds, and being around hazardous machinery or driving commercial vehicles." Tr. 25-26. The ALJ further determined that, as of March 1, 2007, Plaintiff has been limited to sedentary work. Tr. 28. The ALJ then found that, since the alleged onset

date, Plaintiff has been unable to perform her past relevant work.  (Step 4) Tr. 29.  Next the ALJ found that, given Plaintiff's RFC prior to March 1, 2007, and after consulting with a vocational expert, there were significant numbers of jobs in the national economy which Plaintiff could have performed.  (Step 5) Tr. 29.  Such occupations included: "ticket seller," "teacher aide," and "sales attendant."  Tr. 29-30 & 281.  Accordingly, the ALJ determined that, prior to March 1, 2007, Plaintiff was not disabled, but that her disability began on that date.  Tr. 30.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff alleges four errors requiring reversal of the ALJ's decision: (1) the ALJ failed to "properly evaluate [Plaintiff's] subjective complaints;" (2) the ALJ failed to "state with specificity the weight given [Plaintiff's] treating sources;" (3) the ALJ failed to "properly evaluate the impact of [Plaintiff's] obesity on her ability to perform work-related activities;" and (4) "this case should be remanded under Sentence 6 of 42 U.S.C. § 405(g) for the taking of new evidence where the evidence is noncumulative, material, and there is good cause for not submitting it sooner."  Pl.'s Brief (Doc. #18) at 4.  The Court will address Plaintiff's claims in the order in which they are discussed in her brief.

## V.   DISCUSSION

### A.   The ALJ's treatment of Plaintiff's treating sources.

Plaintiff claims that the "ALJ failed to state with specificity the weight given to

6

[Plaintiff's] treating sources." Pl.'s Brief (Doc. #18) at 8. Plaintiff claims that the ALJ "merely recited the medical evidence in narrative form," and that he failed to "'state with particularity' the weight that he assigned to any treating source medical opinion." *Id.* Defendant maintains that the ALJ did not err in his treatment of medical source opinion evidence.

When deciding a claim of disability, the ALJ is "required to state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

In this case, Plaintiff points to no specific piece of opinion evidence for which, it is asserted, the ALJ failed to sufficiently articulate what weight was afforded. Plaintiff only points to evidence in the record which indicates that Plaintiff was "having problems with peripheral neuropathy as a consequence of receiving chemotherapy in early 2006." Pl.'s Brief (Doc. #18) at 9. She also asserts that there is "no indication that these problems ever ceased." *Id.* As the Commissioner points out, there is no functional capacity evaluation predating March 1, 2007, in the record, and the only significant opinion evidence presented to the ALJ postdates March 1, 2007, the date on which the ALJ found Plaintiff's onset of disability. *See, e.g.,* Tr. 236-37, 243. Thus, any failure to sufficiently articulate the weight

afforded such evidence is harmless, as the ALJ clearly credited any opinion evidence rendered after March 1, 2007, which supported Plaintiff's claim of disability. Evidence predating March 1, 2007, which merely documents Plaintiff's complaints of pain, and physicians' subsequent treatments, does not constitute "opinion" evidence. *See* 20 C.F.R. § 404.1527(a)(2) (defining medical opinions as "statements . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). Thus, the evidence cited by Plaintiff which establishes her complaints of and treatment for "neuropathy," *see* Tr. 181-183, does not equate to "opinion evidence" and does not trigger the ALJ's obligation to state with "particularity" what weight was afforded such evidence. Moreover, the evidence further establishes that the severity of Plaintiff's neuropathy was alleviated by subsequent treatments. *See* Tr. 179, 177, 176, 174.

Given all of the above, Plaintiff's claim that the ALJ failed to sufficiently articulate the weight he afforded medical opinion evidence is without merit.

**B.     The ALJ's treatment of Plaintiff's subjective complaints of pain.**

Plaintiff claims the ALJ's findings with respect to Plaintiff's subjective complaints of pain, "do not comply with the law of this Circuit." Pl.'s Brief (Doc. #18) at 10. In support, Plaintiff discusses the "pain standard" and cites to records which, it is asserted, lend objective support to her claims of pain. *Id.* Defendant maintains that the ALJ complied with governing regulations and applicable law in finding Plaintiff's subjective complaints of pain

8

less than fully credible. Def.'s Brief (Doc. #19) at 9.

The Court of Appeals for the Eleventh Circuit has articulated its "pain standard," governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ evaluates the "claimant's subjective testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Eleventh Circuit has also held that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id.* at 1561. Importantly, it is only evidence of the underlying condition which could reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard." *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991). *See also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F. Supp.2d 1269, 1272-73 (N.D. Al. 2006) (quoting *Elam*, 927 F.2d at 1215). Where the ALJ proceeds to consider the claimant's subjective testimony about pain, the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). Finally, if the ALJ

determines to discredit subjective pain testimony and such testimony is crucial to the claimant's assertion of disability, the ALJ "must articulate specific reasons for questioning the claimant's credibility." *Id.*

At the hearing before the ALJ, Plaintiff testified about "back pain" she experiences when sitting up and when she sleeps (Tr. 269-70) and pain in her arm, leg, and knee which she attributes to arthritis (Tr. 270-71). Plaintiff described the pain as "[f]rom seven to eight. Sometimes nine," (Tr. 271), and occurring anywhere two to four days a week (Tr. 272). Plaintiff also testified about carpal tunnel disease in her hands. Tr. 274. Plaintiff also testified about the limitations these pains cause her in daily activities. Tr. 269, 273-75.

Upon reviewing the record and Plaintiff's testimony, the ALJ identified several underlying medical conditions and determined that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible prior to March 1, 2007." Tr. 28. Thus, the ALJ found that Plaintiff passed through the threshold of the "pain standard," but that her testimony as to her present pain, in September of 2007, was not fully credible as to the time period before March 1, 2007. Accordingly, the ALJ was required to "articulate specific reasons for questioning the claimant's credibility" and those reasons must be supported by substantial evidence.

The ALJ's reasons for his decision to discredit Plaintiff's subjective pain testimony

as to the time preceding March 1, 2007, include: 1) the lack of objective evidence supporting Plaintiff's testimony about the severity of Plaintiff's pain before March 1, 2007; 2) the inability of Plaintiff's contemporaneous testimony about her pain in September of 2007 to account for her pain prior to March 1, 2007; and 3) reliable expert opinion about Plaintiff's pain and RFC prior to March 1, 2007, and the lack of definitive and reliable expert medical opinion supporting Plaintiff's claimed limitations prior to March 1, 2007. Tr. 26-28.

Substantial evidence supports the ALJ's credibility determination. First, the objective medical evidence does not establish that Plaintiff's pain was indeed disabling prior to March 1, 2007. Plaintiff's reliance on Dr. Davidson's records from 2006, s*ee* Pl.'s Brief (Doc. #18) at 10, is unavailing because, as discussed above, while those records do document Plaintiff's complaints and treatment for neuropathy and arthralgias, the records also indicate that Plaintiff's pain was substantially alleviated with proper medications. *See* Tr. 216, 215, 179, 177, 176, 174. Likewise, Plaintiff's reliance on Dr. Pirofsky's diagnosis, in May of 2007, of spondylsosis and lumbar radiculopathy based on a MRI from March of 2005, is also unavailing. First, Plaintiff's claim that the ALJ "failed to consider" this evidence is incorrect, as it is clear from the ALJ's opinion that he did consider it. Tr. 27. Moreover, the records make clear that the pain Plaintiff experienced due to this condition was somewhat successfully treated with physical therapy. Tr. 235, 233-34. Thus, it is clear that Plaintiff's subjective complaints about her pain, as pertains to the period prior to March 1, 2007, "were not entirely credible when compared with the objective medical evidence in the record."

11

*George v. Astrue*, 2009 WL 1950266 at *2 (11th Cir. July 8, 2009). Finally, as discussed above, the record before the ALJ is devoid of reliable expert opinion evidence lending any corroboration to Plaintiff's allegations of disabling pain prior to March 1, 2007.[5] The only expert opinion touching upon this period is provided by Dr. Anderson, the testifying medical expert, and his opinion, based upon his review of all of the available medical evidence, was that Plaintiff "would be limited because of her surgery and surgical treatment with the breast to light work activities from her alleged onset date until March of '07." Tr. 278. Accordingly, substantial evidence supports the ALJ's finding that Plaintiff's subjective allegations about her pain are less than wholly credible as pertains to the period preceding March 1, 2007.

      C.      **The ALJ's treatment of Plaintiff's obesity.**

Plaintiff claims that, "[w]hile the ALJ found [Plaintiff's] obesity to be a 'severe' impairment, he failed to comply with SSR 02-1p and Eleventh Circuit case law" in finding the impairment not disabling. Pl.'s Brief (Doc. #18) at 11-12. Plaintiff appears to contend that her "morbid[] obes[ity]" operated to enhance her degenerative joint disease and fatigue related to her chemotherapy treatments and therefore rendered her disabled from the alleged onset date through March of 2007. Defendant maintains that the ALJ's treatment of Plaintiff's obesity complied with all applicable authorities.

---

[5] The Court will address, *infra*, Dr. Davidson's letter opining about Plaintiff's disability.

In his opinion, the ALJ determined that Plaintiff is obese and that such condition is a severe impairment. Tr. 25. The ALJ clearly considered Plaintiff's obesity in describing her RFC. The ALJ limited Plaintiff to standing or walking for four to six hours in an eight hour day but only thirty minutes at a time, only occasional "bending, stooping, crawling, climbing, crouching, kneeling, and balancing," and precluded her from "climbing ladders/ropes, scaffolds." Tr. 26. Plaintiff points to no aspect of her designated RFC which, it is asserted, should be precluded by her obesity. Moreover, Plaintiff's contention that the ALJ's treatment of her RFC does not comply with "Eleventh Circuit case law" is curious, as she fails to cite to any decision by the Court of Appeals for the Eleventh Circuit. Finally, Plaintiff's claim that the ALJ failed to follow SSR 02-1p is also unavailing. The numerous limitations on Plaintiff's functional abilities which the ALJ incorporated into Plaintiff's RFC reflect the common exertional and postural functional limitations recognized by the Social Security Agency, and described in the cited Social Security Ruling, when the Agency evaluates obesity in assessing a claimant's RFC. *See* SSR 02-1p at § 8. Given the weight of available medical evidence, including the opinion of Dr. Anderson, and Plaintiff's failure to specify how her obesity would have precluded any part of the RFC attributed to her by the ALJ for the relevant time period, Plaintiff's claim that the ALJ erred in his treatment of her obesity is without merit.

    **D.**    **Plaintiff's request for remand based on new evidence.**

Plaintiff contends that this matter should be remanded, pursuant to sentence six of 42

U.S.C. § 405(g), because she has presented new evidence which is noncumulative, material, relevant, and probative in that "there is a reasonable probability that it would change the administrative result," and that there is "good cause" for her failure to submit the evidence at the administrative level. Pl.'s Brief (Doc. #18) at 12-13. The "new" evidence cited in Plaintiff's brief consists of a "letter dated November 22, 2005, from her treating oncologist, Dr. Davidson," in which Dr. Davidson opined that, given Plaintiff's ongoing chemotherapy treatments and its effects, "it is reasonable that she is unable to work at present . . . ." *Id.* Plaintiff concedes that she presented this evidence to the Appeals Council after the ALJ's partially unfavorable decision. *Id.* Indeed, it is evident that the letter was made part of the administrative record and considered by the Appeals Council. *See* Tr. 254 (letter); 6-8 (Notice of Appeals Council Action). Defendant asserts that "Plaintiff's request for remand is without merit because the evidence upon which she relies is cumulative, not material, and opines on an issue reserved to the Commissioner." Def.'s Brief (Doc. #19) at 11.

Plaintiff's request for remand is premised on a misunderstanding of sentence six of § 405(g) and applicable case law. "Our settled precedents establish that a sentence six remand is available when evidence not presented to the Commissioner at *any* stage of the administrative process requires further review." *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007) (emphasis added). Importantly, "[s]entence six allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence

14

previously considered by the Appeals Council." *Id.* at 1269. Evidence presented to the Appeals Council, though not the ALJ, which is considered by the Commissioner and incorporated into the administrative record "can be the basis for only a sentence four remand, not a sentence six remand." *Id.* As the evidence cited by Plaintiff was presented to the Appeals Council during administrative proceedings, she is not entitled to a sentence six remand based on new evidence.

Plaintiff does not allege that this matter should be remanded under sentence four of § 405(g) because, purportedly, "the Appeals Council did not adequately consider the additional evidence." *Bowen v. Heckler*, 748 F.2d 629, 636 (11th Cir. 1984). *See also Hoffman v. Astrue*, 259 F. App'x 213, 220 (11th Cir. 2007). Nor does Plaintiff challenge the Appeals Council's decision not to remand to the ALJ. Furthermore, and as a practical matter, it does not appear that Dr. Davidson's letter, had it been presented to the ALJ, would have changed the ALJ's decision. First, Dr. Davidson's opinion concerns a matter, Plaintiff's alleged disability, that is within the exclusive purview of the Commissioner to determine. Second, Dr. Davidson's opinion that, as of November 2005, it was "reasonable" to conclude that Plaintiff could not work does not appear based on an established history of treatment, as the record is devoid of any treatment records of Dr. Davidson's prior to January of 2006. Thus, the opinion is conclusory. Finally, and as discussed above, Dr. Davidson's treatment records, while evincing Plaintiff's neuropathy and arthralgias, also indicate that Plaintiff's condition improved within a few months of treatment with various medications.

15

Accordingly, Dr. Davidson's opinion about Plaintiff's purported disability in November of 2005 would not likely have changed the outcome had it been properly presented to the ALJ and is therefore insufficient to warrant a sentence four remand. *Hoffman*, 259 F. App'x at 220.

## VI.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

DONE this 3rd day of December, 2009.

       /s/ Wallace Capel, Jr.
       WALLACE CAPEL, JR.
       UNITED STATES MAGISTRATE JUDGE